James M. Bayer, Mansfield, for plaintiff. Henkel & Gongwer, Mansfield, for defendant.

## BOOKSBAUM v COUSINS

Ohio Appeals, 4th Dist, Highland Co

Decided Sept 19, 1935

## OPINION

By LEMERT, J.

On the first claimed ground of error, to-wit: "The court erred in the exclusion of evidence offered by the plaintiff,". and in a careful reading of the record before us in order to determine the nature of evidence excluded, we have in mind the holding of Supreme Court of Ohio in Reserve Trucking Company v Fairchild, 128 Oh St, 519, as follows:

"The term 'wanton negligence' implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such persons which the exercise of care might avert and exhibits a reckless disregard of consequences."

and we are also mindful of the holding of this court when this case came before us on error prosecuted by the defendant, in which this court used the following language—

"After having a knowledge of the danger, did he use any care whatever to avoid the same?"

The testimony sought to be introduced referred to speed and conversations some three or four miles from the accident. We are at a loss to determine how these conversations could have had any connection with the accident; at such time the defendant certainly had no knowledge of the danger. This being true, we are of the opinion that these conversations were not competent and were properly excluded by the court.

We have examined the requests to charge before argument, and having examined the testimony as disclosed by the record made in the court below, we are of the opinion that these requests stated a correct statement of the law applicable to this case, and it would have been reversible error if the court had refused to give them. One of the requests objected to was as follows:

"The court charges the jury that it was the duty of Bixler, or whoever was in charge of the transportation of the hay and buggy, to display a light on the buggy visible from the rear two hundred feet, and failure on the part of Bixler to comply with this statute is in and of itself negligence, and if the failure to display a light was the proximate cause or a proximate cause of the accident, Bixler or the one responsible for the load of hay and buggy being upon the highway would be liable on the ground that he had been guilty of negligence."

This was a correct statement of the law. By so saying the court in no way excluded the defendant from liability in the instant case if the jury found him guilty of wanton misconduct.

We therefore find that no error has intervened in this case and the finding and judgment of the court below will be, and the same is, hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.